JUDGE HENRY G. SMITH.
I concur to reverse the judgment of the Court below, in this case, but am unable to concur fully in the reasons set forth, in the opinion of the Court, for such reversal.
Thomas, a witness for the proponents, stated facts *30 tending to show the mental condition of the testator Reese. The question was then put to Thomas, whether, in- view of all the facts he had stated, the testator, was of sound and disposing mind and memory. Objection was made, and the question was excluded by the Circuit Judge.
The case of Gibson vs. Gibson, 9 Yerg., settles that a witness, not attesting or professional, who has stated facts tending to shed light upon the mental condition of the testator, may give in evidence, his opinion based upon such facts, of what the mental condition of the testator was at the time to which such facts relate.
In that case, the witness had given in testimony, facts of the suitable kind, and was then asked, whether from the facts he had deposed, he believed the testator “was in his senses, and capable of making a Will.” The Court held competent the first branch of the question, whether he believed the testator to be in his senses, and excluded as incompetent, the latter branch of the question, whether the witness believed the testator capable of making a Will. The reasons assigned by the Court, for excluding the latter branch of the question, is, that it involved a question of. law and fact, —the very question to be determined by the jury.
The question whether the person was capable of making a Will, and whether the person was of sound and disposing mind and memory are of equivalent import and scope. The meaning of the words, disposing mind and memory, is a mind and memory capable of disposing by Will, capable of making a Will. The question therefore, whether a person has sound and disposing *31 mind and memory, involves the question of law and fact, the very question to be determined by the jury— the question whether the person is capable of disposing by Will.
Such question, whether the person was of sound and disposing mind and memory, appears from the authorities, to be competent to put to and be answered by the attesting witnesses. To witnesses standing in such relation to the testator and the Will, the question may be proper. They are the persons whom the testator has selected and appointed to attest, not only the fact of the making of the Will, but also, the fact of his capacity to make the Will. It is said to be the duty of such persons called on for such purpose, to inform themselves as to the mental capacity of the testator, and not attest the Will if it appears, or the fact be, that the testator is devoid of the requisite capacity. For such reason, it may be proper to allow the attesting witnesses to testify their opinion that the testator was of sound disposing mind and memory
However it may be as to the capacity of attesting witnesses, to testify such opinion, I am unable to agree, in view of the authority of the case of Gibson vs. Gibson, that witnesses not attesting or professional, shall be allowed to testify their opinions to the effect, as sought from the witness, Thomas, by the question proposed to him.
For other reasons, set forth in the opinion of my brother Shackelford, I concur to reverse the judgment of the Court below, and to remand the case for a new trial.